NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10036 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00059-DAD-BAM-1 |
| v. | |
| ROLANDO FELIX-CARRAZCO, AKA Rolandod Felix Carrazco, AKA Carrazco Felix Rolando, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 11, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit Judges.

Defendant Rolando Felix-Carrazco appeals his conviction, following a jury

trial, for illegal reentry in violation of 8 U.S.C. § 1326. He argues that he was

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denied his Sixth Amendment right to an impartial jury when the district court dismissed a juror for refusing to follow the court's instructions after the jury had begun deliberating. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's dismissal of the juror for abuse of discretion and its factual findings relating to juror misconduct for clear error, *United States v. Vartanian*, 476 F.3d 1095, 1098 (9th Cir. 2007), we affirm.

A district court may dismiss a juror for "good cause" "[a]fter the jury has retired to deliberate." Fed. R. Crim. P. 23(b)(3). "A juror's intentional disregard of the law," as instructed by the court, "can constitute good cause for dismissal of the juror." *United States v. Christensen*, 828 F.3d 763, 806 (9th Cir. 2015).

The district court here did not abuse its discretion in dismissing Juror No. 7 because he openly admitted that he had "made statements indicating [his] intent not to follow [the court's] instruction" to disregard certain redacted information, and further told the court that it would be "impossible" for him to "make an objective appraisal [about the case] without some reference to that information" going forward. Indeed, when the district court asked Juror No. 7 whether he would be unable to ignore the redactions "[e]ven though I have instructed you to disregard [them]," Juror No. 7 responded, "Of course." This "violation of [his] sworn duty to follow the law as instructed by the court" constituted good cause for

2

Juror No. 7's removal. *Christensen*, 828 F.3d at 807 (quoting *Merced v. McGrath*, 426 F.3d 1076, 1079-80 (9th Cir. 2005)).

We are not persuaded by Felix-Carrazco's argument that Juror No. 7 was in fact dismissed because his views on the merits of the case conflicted with those of the other jurors, and not because he refused to follow the district court's instructions. *See id.* at 807 ("[I]t is not permissible to discharge a juror based on his views regarding the sufficiency of the evidence."). It is true that Juror No. 7 mentioned at one point that "a doubt ha[d] been created" in his mind about the evidence, which was his "basis for asking for more information" that had been redacted. But "such a passing reference" to the state of the evidence "does not . . . preclude discharge of the juror for good cause," *id.* at 812, in light of Juror No. 7's unequivocal and repeated assertions that he believed the court was improperly "withh[olding]" the redacted information from him. Notably, multiple jurors told the district court that Juror No. 7 attributed his resistance to the court's instructions to his "distrust in the government . . . in general," rather than to the strength of the evidence in this particular prosecution. We therefore see no "*reasonable* possibility that the impetus for [Juror No. 7's] dismissal stem[med] from [his] views on the merits of the case." *United States v. Symington*, 195 F.3d 1080, 1087 (9th Cir. 1999).

We also reject Felix-Carrazco's contention that the district court "delve[d] too far into the jury's deliberations" when it questioned individual jurors about Juror No. 7's misconduct. Where credible allegations of jury misconduct arise during deliberations, "a district court may, within its sound discretion, investigate the allegations through juror questioning." *Christensen*, 828 F.3d at 809 (quoting *United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006)). In questioning the jurors here, the district court scrupulously limited its inquiry to the circumstances surrounding Juror No. 7's reported refusal to follow its instructions, and repeatedly cautioned each juror not to reveal anything about the substance of the jury's deliberations.

**AFFIRMED.**